1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JEFFREY MICHAEL CAYLOR,                        No.  2:22-cv-01896-DJC-CKD P

12                      Petitioner,

13         v.                                       FINDINGS AND RECOMMENDATIONS

14   P. COVELLO,

15                      Respondent.

16

17         Petitioner is a state prisoner proceeding pro se in this habeas corpus action filed pursuant

18   to 28 U.S.C. § 2254.  Currently pending before the court is petitioner's motion for a stay and

19   abeyance and respondent's motion to dismiss petitioner's mixed § 2254 application.  ECF Nos. 5,

20   14.  Respondent has filed an opposition to the motion for a stay and abeyance.  For the reasons

21   discussed below, the undersigned recommends that petitioner's motion for a stay and abeyance be

22   granted in part and denied in part.  Based on this recommendation, it is further recommended that

23   respondent's motion to dismiss be denied without prejudice to raising the statute of limitations

24   defense once the stay of this case is lifted.

25         **I.      Factual and Procedural History**

26         Petitioner was convicted following a jury trial in the Sacramento County Superior Court

27   of First Degree Murder; Attempted Murder; First Degree Robbery; First Degree Burglary;

28   Assault with a Firearm; Felon in Possession of a Firearm; and Theft.  He was sentenced to life

1   without the possibility of parole plus additional determinate prison terms.  Petitioner was tried

2   jointly with his codefendant, Kari Ann Hamilton, who was his girlfriend at the time of the offense

3   and his current wife.[1]

4        In his habeas corpus application, petitioner raises four claims for relief.  First, petitioner

5   contends that the trial court erred in denying his motions to replace appointed counsel pursuant to

6   People v. Marsden, 2 Cal.3d 118 (1970).  ECF No. 1 at 5.  Next, petitioner asserts that the trial

7   court denied him his Sixth Amendment right of self-representation when it denied his motion

8   pursuant to Faretta v. California, 422 U.S. 806 (1975).  ECF No. 1 at 7.  Third, petitioner alleges

9   that his right to due process was violated based on the trial court's admission of videotape

10  evidence of a prior bad act involving a handgun.  ECF No. 1 at 8.  Last, petitioner raises a

11  separate due process challenge based on the trial court's admission of cumulative and overly

12  prejudicial evidence of his use of racial and ethnic slurs.  ECF No. 1 at 10.

13       In his opening brief to the California Court of Appeal, petitioner raised these same four

14  claims for relief.  After consolidating petitioner's appeal with his codefendant's, the California

15  Court of Appeal affirmed petitioner's conviction and sentence on May 20, 2021 in a joint

16  unpublished memorandum decision.[2]  ECF No. 15-1.

17       Petitioner filed a petition for review in the California Supreme Court on June 21, 2021

18  raising only his Marsden and Faretta claims for relief.  ECF No. 1 at 20-56.  Petitioner's

19  codefendant filed a separate petition for review in the California Supreme Court.  See ECF No. 1

20  at 92-116.  As relevant to the pending motions, the codefendant raised the federal evidentiary

21  challenge related to the admission of prior bad act evidence arguing that it denied her a fair trial

22  on the attempted murder charge.  See ECF No. 1 at 106-116.  The California Supreme Court

23  jointly denied the petitions for review on August 11, 2021.  ECF No. 1 at 18.

24       On February 7, 2023, respondent filed a motion to dismiss the federal habeas petition

25  _____

26  [1] Ms. Hamilton's federal habeas corpus petition is also pending before the undersigned.  See
    Hamilton v. Allison, 2:22-cv-01901-CKD (E.D. Cal.).  By order dated March 31, 2023, these two

27  habeas petitions have been related.  ECF No. 16.
    [2] The codefendant's sentence was modified to stay the term imposed for vehicle theft, but

28  otherwise affirmed.

1    arguing that claims three and four are unexhausted because they were not included in the petition

2    for review in the California Supreme Court.[3]  ECF No. 14.  Respondent also indicates that

3    petitioner did not join any of the claims raised in his codefendant's petition for review in the

4    California Supreme Court.  ECF No. 14 at 2.  "Unless Petitioner amends the Petition to strike the

5    unexhausted claims, the Petition should be dismissed."  ECF No. 14 at 1.

6         Petitioner has filed a separate motion for a stay and abeyance pursuant to Rhines v.

7    Weber, 544 U.S. 269, 278 (2005), or, in the alternative, Kelly v. Small, 315 F.3d 1063 (9th Cir.

8    2003).  ECF No. 5.  In the motion, petitioner indicates that he seeks to return to state court to

9    exhaust claims of ineffective assistance of his trial and appellate counsel that he has discovered

10   after being provided his trial transcripts.  ECF No. 5.  Petitioner asserts that he is not seeking a

11   stay of these proceedings for any improper purpose or to "manipulate the system."  ECF No. 5 at

12   4.  In a declaration filed in support of the motion, petitioner avers that he has good cause for not

13   previously exhausting these claims due to prison conditions during the COVID-19 pandemic.

14   ECF No. 5 at 7.

15        Respondent filed an opposition to the motion for a stay and abeyance asserting that

16   petitioner does not demonstrate good cause or that the unexhausted claims are potentially

17   meritorious to be entitled to a Rhines stay.  ECF No. 12.  To the extent that petitioner seeks to

18   exhaust his evidentiary challenges raised in claims three and four of the petition, respondent

19   indicates that they may be time-barred following a Kelly stay.  ECF No. 12.  Moreover, since

20   petitioner does not fully identify all of the unexhausted claims that he seeks to present in state

21   court, respondent submits that "this Court cannot adequately determine whether a Kelly stay"

22   would be futile or not.  ECF No. 12 at 3.  Respondent also points out that petitioner does not

23   allege that he has commenced state habeas proceedings raising any ineffective assistance of

24   counsel claim.  ECF No. 12.  A review of online state court databases did not reveal any pending

25   _____

26   [3] Respondent filed relevant portions of the state court record along with the motion to dismiss
     including state habeas corpus petitions filed in the Sacramento County Superior Court.  See ECF

27   No. 15.  Because all of petitioner's state habeas corpus petitions were filed in the trial court and
     adjudicated before his direct appeal was decided, they are not relevant for purposes of resolving

28   the pending motions.

1   habeas petitions.  For all these reasons, respondent asks the court to deny petitioner's motion for a

2   stay pursuant to both <u>Rhines</u> and <u>Kelly</u>.

3     **II.**  **Legal Standards**

4     **A. Exhaustion of State Court Remedies**

5      The exhaustion of state court remedies is a prerequisite to the granting of a petition for

6   writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion requirement

7   by providing the highest state court with a full and fair opportunity to consider each habeas claim

8   before presenting it to the federal court.  <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Middleton</u>

9   <u>v. Cupp</u>, 768 F.2d 1083, 1086 (9th Cir. 1985).  The prisoner must "fairly present" both the

10  operative facts and the federal legal theory supporting his federal claim to the state's highest

11  court, "thereby alerting that court to the federal nature of the claim."  <u>Baldwin v. Reese</u>, 541 U.S.

12  27, 29 (2004); <u>see</u> <u>Kelly v. Small</u>, 315 F.3d 1063, 1066 (9th Cir. 2003), <u>overruled</u> <u>on</u> <u>other</u>

13  <u>grounds</u> <u>by</u> <u>Robbins v. Carey</u>, 481 F.3d 1143 (9th Cir. 2007).  The United States Supreme Court

14  has held that a federal district court may not entertain a petition for habeas corpus unless the

15  petitioner has exhausted state remedies with respect to each of the claims raised.  <u>Rose v. Lundy</u>,

16  455 U.S. 509 (1982) (establishing the total exhaustion rule).

17    **B. Stay and Abeyance**

18     The court may stay a mixed federal habeas application if petitioner demonstrates (1) good

19  cause for the failure to previously exhaust the claims in state court, (2) the claims at issue

20  potentially have merit, and (3) petitioner has been diligent in pursuing relief.  <u>See</u>  <u>Rhines v.</u>

21  <u>Weber</u>, 544 U.S. at 278; <u>Mena v. Long</u>, 813 F.3d 907, 910-12 (9th Cir. 2016) (applying the stay

22  and abeyance procedure to wholly unexhausted petitions).  If petitioner fails to establish any of

23  these three factors then a <u>Rhines</u> stay is not appropriate.

24     In determining what constitutes good cause sufficient for a <u>Rhines</u> stay, the Ninth Circuit

25  Court of Appeals has determined that a petitioner does not have to demonstrate extraordinary

26  circumstances.  <u>Jackson v. Roe</u>, 425 F.3d 654, 661-662 (9th Cir. 2005).  The legal standard for

27  cause to excuse a procedurally defaulted claim boils down to objective factors external to the

28  prisoner.  <u>See</u> <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986) (emphasizing that to establish cause

                4

1  for a procedural default, a petitioner must show that "some objective factor external to the

2  defense impeded counsel's efforts to comply with the State's procedural rule.").

3      The second type of a stay is referred to as a "Kelly" stay.  In Kelly v. Small, 315 F.3d

4  1063 (9th Cir. 2003), a stay and abeyance involves the following three-step process: (1) the

5  petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in

6  abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to return to

7  state court to exhaust the deleted claims; and, (3) petitioner later amends his petition and re-

8  attaches the newly-exhausted claims to the original petition.  This is a more cumbersome

9  procedure than a Rhines stay because it requires a prisoner to file multiple amended federal

10  habeas petitions, but it does not require petitioner to demonstrate good cause for the failure to

11  exhaust.  See King v. Ryan, 564 F.3d 1133, 1140 (9th Cir. 2009).  However, a Kelly stay runs the

12  risk of preventing review on the merits of any unexhausted claim for relief due to the one year

13  statute of limitations governing federal habeas claims.  See King, 564 F.3d at 1140-41

14  (emphasizing that a "petitioner seeking to use the Kelly procedure will be able to amend his

15  unexhausted claims back into his federal petition once he has exhausted them **only** if those claims

16  are determined to be timely.  Demonstrating timeliness will often be problematic under the now-

17  applicable legal principles.") (emphasis added); see also 28 U.S.C. § 2244(d)(1)(stating that a one

18  year period of limitation shall apply to all federal habeas petitions challenging a state court

19  judgment).

20  **III.   Analysis**

21      After reviewing the petition for review filed in the California Supreme Court, the

22  undersigned finds that petitioner has not properly exhausted his evidentiary challenges raised in

23  claims three and four of the pending federal habeas petition.[4]  See Baldwin v. Reese, 541 U.S. 27,

24

---

25  [4] Although petitioner does not contend that he properly exhausted claim three because it was
    included in his co-defendant's petition for review, the undersigned has considered that issue, but
26  ultimately concluded that petitioner did not fairly present it to the California Supreme Court
    because he did not join in or incorporate by reference his co-defendant's claims for relief.  See
27  ECF No. 1 at 20-56; see also Cal. R. Ct. 8.504(e)(3) (specifically prohibiting incorporation by
    reference unless it relates to "a petition, an answer, or a reply filed by another party in the same
28  case or filed in a case that raises the same or similar issues and in which a petition for review is

5

32 (2004) (holding that a claim is not properly exhausted if a state court "must read beyond a petition or a brief… in order to find material" that alerts it to a federal claim); see also Wooten v. Kirkland, 540 F.3d 1019, 1025 (9th Cir. 2008) (finding that "Wooten's cumulative error claim was not 'fairly presented' to the California Supreme Court, despite the fact that he presented it to the California Court of Appeal."); Castillo v. McFadden, 399 F.3d 993, 1000 (9th Cir. 2005) (holding that "[t]o exhaust his claim, Castillo must have presented his federal, constitutional issue before the Arizona Court of Appeals within the four corners of his appellate briefing."). These claims were omitted from his petition for review.  As a result, his pending federal habeas petition contains both exhausted and unexhausted claims for relief rendering it a mixed petition.

### A. Rhines Stay

Pursuant to Rhines, this court may stay the pending mixed habeas application if petitioner demonstrates (1) good cause for the failure to previously exhaust the claims in state court, (2) the claims at issue potentially have merit, and (3) diligence in pursuing relief.  Rhines, 544 U.S. at 278.  A Rhines stay is not appropriate if any of these three factors are not met.  As good cause for a stay, petitioner contends that Mule Creek State Prison did not operate a "steady institutional program" including regular law library access from May 11, 2020 to September 2022 due to the COVID-19 pandemic.  ECF No. 5 at 7.  During this same time period, petitioner also contracted COVID-19 twice and lost two family members.[5]  ECF No. 5 at 8.  The legal standard to establish good cause for a stay is similar to the good cause standard used to excuse procedurally defaulted federal habeas claims.  See Murray v. Carrier, 477 U.S. 478, 488 (1986) (emphasizing that to establish cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.").  The court will assume, without deciding, that sporadic law library access and contraction of the COVID-19 virus constitutes good cause for purposes of Rhines as both were factors beyond

pending or has been granted.").

---

[5] The court accepts petitioner's sworn declaration as evidence tendered in support of his request for a stay.  See Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014) (emphasizing that "[w]hile a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will.").

1  petitioner's control.[6]

2         The second factor for a <u>Rhines</u> stay requires the unexhausted claims to have potential

3  merit.  <u>Rhines v. Weber</u>, 544 U.S. at 278.  "A federal habeas petitioner must establish that at least

4  one of his unexhausted claims is not 'plainly meritless' in order to obtain a stay under <u>Rhines</u>."

5  <u>Dixon v. Baker</u>, 847 F.3d 714, 722 (9th Cir. 2017) (quoting <u>Rhines</u>, 544 U.S. at 277).  In

6  recognition of the comity and federalism problems that are created by assessing the merits of

7  unexhausted claims before a state court has had a chance to rule on them, the Ninth Circuit has

8  determined that this standard is met unless "it is perfectly clear that the petitioner has no hope of

9  prevailing" in state court.  <u>Dixon</u>, 847 F.3d at 722 (citing <u>Cassett v. Stewart</u>, 406 U.S. 614, 624

10  (9th Cir. 2005).  In this case, the undersigned finds that petitioner has not demonstrated that the

11  ineffective assistance of counsel claims that he wants to exhaust in state court have potential

12  merit.[7]  In fact, petitioner only states that "issues that have come to the petitioner after being

13  provided records, transcripts of the state matter which do indicate ineffective assistance of

14  counsel on both the trial [sic] and appellate counsel's part…."  ECF No. 5 at 1.  Petitioner does

15  not even attempt to explain how his trial or appellate counsels' performance fell below an

16  objective standard of reasonableness or how such deficient performance resulted in prejudice.

17  <u>See Strickland v. Washington</u>, 466 U.S. 668 (1984).  Absent this information, the undersigned

18  finds that petitioner has not met his burden of demonstrating that the unexhausted ineffective

19  assistance of counsel claims have potential merit.  As a result, the court recommends denying

20

21  _____

22  [6] Additionally, to the extent that petitioner's briefing in this court can liberally be construed as arguing that he thought his counsel properly exhausted the evidentiary claims in his petition for review, this does not constitute good cause to support a <u>Rhines</u> stay.  <u>See Wooten v. Kirkland</u>,

23  540 F.3d 1019, 1023-1024 (9th Cir. 2008).  "To accept that a petitioner's 'impression' that a claim had been included in an appellate brief constitutes 'good cause' would render stay-and-

24  obey [sic] orders routine….  Such a scheme would run afoul of Rhines and its instruction that district courts should only stay mixed petitions in 'limited circumstances.'"  <u>Id</u>. at 1024.

25

26  [7] According to petitioner's motion for a stay, he seeks to return to state court merely to exhaust new ineffective assistance of counsel claims.  He does not separately mention the evidentiary

27  challenges that were raised in the California Court of Appeal.  As a result, the undersigned does not address these unexhausted claims for relief in the context of petitioner's motion for a stay and

28  abeyance.

1  petitioner's motion for a <u>Rhines</u> stay.[8]

2    **B.  <u>Kelly</u> Stay**

3        In the alternative, petitioner requests a <u>Kelly</u> stay.  Here again, the court need not decide

4  the issue of good cause for a stay pursuant to <u>Kelly</u>.  Respondent's only objection to granting

5  petitioner a <u>Kelly</u> stay is based on the potential statute of limitations bar that it might create for

6  any newly exhausted claims.[9]  <u>See</u> ECF No. 12.  However, even respondent acknowledges that

7  "this Court cannot adequately determine whether a <u>Kelly</u> stay" would be futile or not since

8  petitioner does not identify what ineffective assistance of counsel claims he intends to exhaust.

9  ECF No. 12 at 3.  Therefore, the undersigned cannot find at this early stage in the proceedings

10 that a <u>Kelly</u> stay would be futile.  For these reasons, the court recommends granting petitioner's

11 motion for a <u>Kelly</u> stay and denying respondent's motion to dismiss without prejudice to raising

12 the statute of limitations issue after the stay is lifted.

13    **IV.    Plain Language Summary for Pro Se Party**

14       The following information is meant to explain this order in plain English and is not

15 intended as legal advice.

16       After reviewing the record and the motion for a stay, the court recommends that your

17 request for a <u>Rhines</u> stay be denied, but that your request for a <u>Kelly</u> stay be granted.  The

18 undersigned further recommends denying respondent's motion to dismiss without prejudice to

19 raising the statute of limitations defense once the stay of this case is lifted.  **This legal opinion**

20 **does not constitute a determination by the court that any of the unexhausted claims for**

21 **relief will be deemed timely filed and will ultimately be reviewed on the merits.**

22       If you disagree with any of these recommendations, you have 14 days to explain why it is

23

24 [8] In the interests of judicial economy, the undersigned finds it unnecessary to address the
   remaining <u>Rhines</u> factor of diligence.

25

26 [9] If a petitioner's newly-exhausted claims are untimely, he may amend his petition to include them
   only if they share a "common core of operative facts" with the exhausted claims in the original

27 federal petition.  <u>See</u> <u>King</u>, 564 F.3d at 1140–41; <u>see also</u> <u>Duncan v. Walker</u>, 533 U.S. 167, 172–
   75 (2001) (unlike the filing of a state habeas petition, the filing of a federal habeas petition does

28 not toll the statute of limitations).

not the correct outcome in your case.  Label your explanation "Objections to Magistrate Judge's Findings and Recommendations."  The district court judge assigned to your case will review any objections and make the final decision in your case.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion for a stay (ECF No. 5) be denied to the extent that it requests a <u>Rhines</u> stay but granted to the extent that it seeks a <u>Kelly</u> stay.

2. Respondent's motion to dismiss (ECF No. 14) be denied without prejudice to raising the statute of limitations defense once the stay of this case is lifted.

3. Petitioner be directed to file an amended § 2254 petition within 30 days from the adoption of these Findings and Recommendations which deletes claims three and four of his original § 2254 petition.

4. The Clerk of Court be directed to stay these proceedings once petitioner files the amended § 2254 petition in compliance with number three.

5. Petitioner be further directed to file a status report with the court every 90 days indicating what step(s) he has taken to exhaust his state court remedies.

6. Petitioner be ordered to file a motion to lift the stay of this case within 30 days from the date the California Supreme Court issues an opinion on state habeas.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 31, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/cayl1896.m2stay+mtd.docx

9